Denison, Bonham & New Orleans Railroad Company v.
P. A. Barry.

No. 1362.   Decided November 21, 1904.

**1.—Overflow—Damages—Remote Consequences.**

The damages recoverable for affecting health of plaintiff's wife by caus-
ing his premises to be overflowed did not include such results as followed
from fright at supposed peril in consequence of her being in a condition of
pregnancy; such result was not one to have been reasonably anticipated in
the absence of knowledge on its part of the wife's condition.   (Pp. 250, 251.)

**2.—Same—Cases Distinguished.**

Hill v. Kimball, 76 Texas, 210; Gulf C. & S. F. Ry. Co. v. Hayter, 93
Texas, 239, distinguished from this case.   (P. 251.)

**3.—Overflow—Damages—Permanent Structure.**

Where real estate is damaged by overflow caused by a permanent
structure, a railway embankment, alleged to be a continuing nuisance, the
measure of damages is the difference in the value of the property before the
injury and its value immediately thereafter, and the result of recovery is to
compensate the plaintiff for both past and future damages.   (Pp. 251, 252.)

Error to the Court of Civil Appeals for the Fifth District, in an ap-
peal from Fannin County.

Barry sued the railway company and recovered judgment.   Defendant
appealed, and on affirmance obtained writ of error.

*Thurmond & Steger,* for plaintiff in error.—The allegations of plain-
tiff's petition seeking to recover of defendant damages for alleged in-
juries to his wife, caused by fright occasioned by water overflowing his
lot, for doctor's bills, medicines and time lost nursing her disclosed no
cause of action against this defendant.   Texas & P. Ry. Co. v. Bigham,
90 Texas, 223; Gulf C. & S. F. Ry. Co. v. Pickens, 58 S. W. Rep., 156;
77 Am. St. Rep., 872, Note to Railway Co. v. Hayter; Gulf C. & S. F.
Ry. Co. v. Trott, 86 Texas, 412; Hill v. Kimball, 76 Texas, 210; Gulf C.
& S. F. Ry. Co. v. Hayter, 93 Texas, 239.

The allegations of plaintiff's petition show on their face that the
damages claimed by plaintiff for personal injuries to his wife, doctor's
bills, medicines, and time lost, are too remote and speculative to be re-
covered, could not have been contemplated by defendant when it erected
its dump, and special exception thereto ought to have been sustained.
Same authorities.

When plaintiff sues for damages for physical injuries resulting from
fright occasioned by rise of surface water set back on plaintiff's lot, un-
accompanied by any physical injury actually done to her person by such
water, he is not entitled to recover.   Same authorities.

Where damage is claimed for successive overflows of land and such
damage is not permanent, the court should instruct the jury to allow
the plaintiff such damages as, under the evidence, they may find to
have been caused to such land by each successive overflow.   It is the

duty of the court to submit by appropriate instruction the law covering every phase of the evidence in the case, and if one of the overflows did permanent damage to lot and one temporary, the measure for each kind of damage should be submitted to jury. Sabine & E. Texas Ry. Co. v. Johnson, 65 Texas, 393; Galveston H. & S. A. Ry. Co. v. Seymour, 63 Texas, 347; Galveston H. & S. A. Ry. Co. v. Tait, 63 Texas, 223; Gulf C. & S. F. Ry. Co. v. Helsley, 62 Texas, 593; Texas & P. Ry. Co. v. Medaris, 64 Texas, 94; Gulf C. & S. F. Ry. Co. v. Pool, 70 Texas, 713.

*Taylor & McGrady,* for defendant in error.—The negligent act of defendant in constructing its dump so as to throw the water back upon plaintiff's home constituted a trespass rendering defendant liable for all probable consequences thereof, including the injuries caused plaintiff's wife as alleged, which injuries were shown by the allegations in the petition, by the proof, and fairly submitted in the charge of the court. Gulf C. & S. F. Ry. Co. v. Hayter, 93 Texas, 239; same case, 55 S. W. Rep., 128; Hill v. Kimball, 76 Texas, 210; Yoakum v. Kroeger, 27 S. W. Rep., 953; East v. Houston & T. C. Ry. Co., 77 S. W. Rep., 646; Cooley on Torts, 332; Seifert v. Brooklyn, 54 Am. Rep., 670; Homans v. Boston E. Ry. Co., 91 Am. St. Rep., 324. Stewart v. Arkansas So. Ry. Co., 36 So. Rep., 676. We invite the court to a consideration of the annotation made by Judge Freeman to the Hayter case, in 77 Am. St. Rep., pp. 859 to 873, and particularly to the cases: Consolidated Trac. Co. v. Lambertson, 59 N. J. L., 297; Buchanan v. West Jersey Ry. Co., 52 N. J. L., 265; Bell v. Great Northern Ry. Co., 26 Law. Rep. Ann., 428. See, also, San Antonio & A. P. Ry. Co. v. Gwynn, 4 Texas Civ. App., 345; International & G. N. Ry. Co. v. Newburn, 58 S. W. Rep., 542; Texas & P. Ry. Co. v. Short, 58 S. W. Rep., 56; El Paso & N. W. Ry. Co. v. McComas, 81 S W. Rep., 760; Texas & P. Ry. Co. v. Carlin, 111 Fed. Rep., 777; Gulf C. & S. F. Ry. Co. v. Marchand, 57 S. W. Rep., 860; Marchand v. Gulf C. & S. F. Ry. Co., 20 Texas Civ. App., 1; City of Dallas v. Jones, 93 Texas, 47; 6 Am. St. Rep., 193; Byrne v. Wilson, 15 Ire. C. L. Rep., 332; Crane Elevator v. Lippert, 63 Fed. Rep., 948. We ask a careful reading of the well considered cases of Brown v. Chicago, etc., Ry. Co., 54 Wis., 342, 41 Am. St. Rep., 41, and note, which was followed and approved in International & G. N. Ry. Co. v. Terry, 62 Texas, 380, and by Whittaker's Smith on Neg., p. 43; Terre Haute, etc., Ry. Co. v. Buck, 96 Ind., 346, 49 Am. St. Rep., 168; Texas & P. Ry. Co., v. Carlin, 111 Fed. Rep., 781 (affirmed by U. S. Sup. Ct.); Eten v. Luyster, 60 N. Y., 252; Doyle v. Chicago etc., Ry. Co., (Iowa), 4 Law. Rep. Ann., 420; Stewart v. Ripon, 38 Wis., 591; Oliver v. Town of La Valle, 36 Wis., 592; 1 Suth. on Dam., 62. We believe these cases are the law and that they sustain our position.

The measure of damages for flooding land (other than to growing crop and such like) is the difference in market value before and after

flood; and the court submitted the proper measure in the charge. Pacific Express Co. v. Lasker Real Estate Assn., 81 Texas, 81; Texas & P. Ry. Co. v. Gorman, 21 S. W. Rep., 158; Galveston, etc., Ry. Co. v. Becht, 21 S. W. Rep., 971; Ft. Worth Ry. Co. v. Wallace, 74 Texas, 584; Owens v. Missouri Pac. Ry. Co., 67 Texas, 679; Houston & T. C. Ry. Co. v. Lensing, 75 S. W. Rep., 826; Dwight v. Railway, 28 Am. St. Rep., 563, 132 N. Y., 199.

The charge was favorable to defendant in limiting the recovery to the depreciation in market value of the premises; and the law allowing other measures of damages is for the benefit of the injured party, and not for the benefit of the wrongdoer. See cases, supra; 21 S. W. Rep., 158; 28 Am. St. Rep., 563.

GAINES, Chief Justice.—The defendant in error brought this suit against plaintiff in error to recover damages for overflows of a lot, which he owned and upon which he resided, alleged to have been caused by a dump constructed by the railroad company. The damages claimed were to the lot, to certain personal property, and for sickness of his wife and the resulting expenses of such sickness.

We deem it necessary to pass upon but two questions, and these require no detailed statement of the facts.

It is first complained, on behalf of the plaintiff in error, that the court erred in allowing damages for the sickness and mental suffering of the wife and the expenses incident thereto. We are of opinion that the assignments which raised this question should have been sustained. The allegations with reference to this matter were that the overflow of May 18, 1902 "drove plaintiff and his family from his home and kept them away from their home for three days and subjected them to exposure and inclement weather and greatly injured the plaintiff's wife in this: that she was then in a state of pregnancy, and when said water backed up and over said lot and surrounding territory and kept getting higher and up to the floor of the house, and even into the house, it greatly frightened plaintiff's wife and presented the appearance of the water continuing to rise and drown her and other members of plaintiff's family, and so frightened her as to cause her great physical and mental injury and pain, and plaintiff in the exercise of ordinary care, and believing that his wife would be drowned if she remained in their home, he removed his wife therefrom and to a place of safety, and in so doing necessarily subjected her to outdoor and inclement weather exposure, and such fright to plaintiff's wife and her exposure greatly shocked and made her sick and thereby rendered very ill and confined to her bed for several weeks, and caused her to suffer great pains and shocks to her nerves and pains about her womb and threatened her with miscarriage for several days and permanently impaired her health." The damages claimed in this particular we think entirely too remote. While in constructing its dump the defendant company should have fore-

seen that in case the sluices and waterways provided should prove insufficient to allow a free passage of water, it might cause an overflow and damage to property situated near thereto and upon the upper side thereof, it could not reasonably have anticipated that the conditions would be such as to cause such a degree of fright to anyone as to produce sickness or other physical injury. We think the case falls strictly within the principles announced in several cases in this court namely, that a party guilty of a negligent act is not responsible for such consequences of that act as could not have been reasonably anticipated. Neely v. Railway Co., 96 Texas, 274; Texas & P. Ry. Co. v. Bigham, 90 Texas, 223; Lipscomb v. Railway and Express Co., 95 Texas, 5. The cases of Hill v. Kimball, 76 Texas, 210, and of Gulf & S. F. Ry. Co. v. Hayter, 93 Texas, 239, are clearly distinguishable. In the former the question was as to the sufficiency of the petition to show a cause of action. The head note shows clearly the point decided in that case. It is as follows: "It was alleged in the petition that the plaintiff's were husband and wife, and were in possession under a lease of a dwelling house on land owned by defendant; that the wife was well advanced in pregnancy, the defendant knowing the fact, and that any undue excitement to a woman in that condition was likely to prove a serious injury to her health; that notwithstanding these facts defendant came to plaintiff's house, and in the yard, in the immediate presence of the wife, he assaulted two negroes in a boisterous and violent manner, and that the assault was accompanied with profane language and resulted in drawing blood; that the conduct of defendant frightened the wife and brought on the pains of labor, and eventually produced a miscarriage, and otherwise seriously impaired her health. Held, that the allegations constituted a cause of action." If the defendant there knew that the wife was in an advanced state of pregnancy, and if he also knew that the result upon her of any undue excitement was to produce a miscarriage, there can be no question but that he should have anticipated the consequences of his act. So in the Hayter case the alleged cause of action was for injuries resulting from the negligence of the defendant company in running its train at a crossing into a train of another railroad company upon which plaintiff was a passenger. The question, whether the employes operating the train of the defendant company ought to have anticipated that passengers on the other train might be frightened, was not involved in that case. The only point decided was that where one has been frightened directly by the negligence of another and that fright has resulted in a physical injury to him, he has a cause of action for such injury.

We think the other questions presented by the application for the writ of error were correctly determined by the Court of Civil Appeals. As to the measure of damages, however, we will add a few remarks. The plaintiff in his petition alleged that the dump in question "is a permanent structure, a continuing nuisance and practically destroys the value of plaintiff's premises." In such a case we are of opinion that

the difference in the value of the property before the injury and its value immediately thereafter is the correct measure of damages. Rosenthal v. Taylor B. & H. Ry. Co., 79 Texas, 325. The result of a recovery upon such cause of action is to compensate the plaintiff for his damages past and future and to preclude him to recover for other damages arising from the same cause.

The jury as directed by the court assessed the damages for the sickness of plaintiff's wife, and for medical and physician's services separately from the other items of damage. These damages amount to $400.

The judgment is so reformed as to deduct this sum from the amount recovered, and, being so reformed, it is affirmed.

*Reformed and affirmed.*