COLORADO CANAL COMPANY v. J. M. SIMS.

Decided March 28, 1906.

**1.—Damages From Overflow—Pleading.**

The petition clearly alleged that 350 sacks of rice were damaged in the sum of $1.25 a sack; that $575 were expended in taking care of and trying to save the crop after it had been damaged; that 558 sacks, valued at $3.25 a sack, had been destroyed, and that the whole damage amounted to $2,808.50. As to the manner of destruction, it was alleged that the crop was cut and ready to be threshed when a small rise occurred in the river, and by reason of the negligent construction of an embankment along an "intake" and canal, the water was diverted from its normal course and backed up on the crop. Held, sufficiently explicit.

**2.—Same—Description of Damaged Premises.**

The petition alleged that the inundated land was held by appellee under a lease for 1901 and 1902; that it was 65 acres, about one and a half miles northwest of Bay City, Matagorda County, Texas; that the land belonged to J. W. Daniels; that it was a part of the James Higgins survey of the Bowman and Williams league. Appellee's lease described the land as 100 acres off the northeast end of the James Higgins survey on the Smith & Bowman league. Appellee testified that he did not know of any Smith & Bowman league in Matagorda County, and that the 100 acres was part of the Bowman and Williams league, also that the 65 acres on which the crop was damaged was part of the 100 acres out of the Higgins tract. Held, the land was sufficiently identified.

**3.—Trial Amendment—Practice—Harmless Error.**

If it was error to permit the filing of a trial amendment after the trial had begun, the error was harmless in this case, because the uncontroverted evidence showed the facts therein alleged.

**4.—Necessary to Prove Reasonableness of Expenditures—Remittitur.**

There being no evidence that the expenditures by appellee in his efforts to protect his crop were reasonable, it was error to submit the question to the jury. This error may be corrected by a remittitur.

**5.—Measure of Damage to Crop Partially Destroyed.**

The measure of damage was the difference in the market value, or if no market value then the actual value of the rice in the shocks on the farm

immediately before the overflow, and its market value in the shocks on the farm in its damaged condition after the overflow.

**6.—Measure of Damage. to Crop Entirely Destroyed.**

The measure of damage to the crop destroyed was its market value at the time and place of its destruction less the cost of threshing and sacking.

**7.—Verdict—Immaterial Defects.**

The verdict was as follows: "We, the jury, find for the plaintiff, J. M. Sims, damages to the amount of $2,526.15 (Two Thousand Five Hundred and Twenty–six and Fifteen Cents"). Held, sufficient to support judgment.

Appeal from the District Court of Matagorda. Tried below before Hon. J. V. Meek.

*Gaines & Corbett,* for appellant.—In an action for damages where the petition does not allege the amount and character of the damages caused by the negligence of the defendant, it does not constitute a cause of action against the defendant, and a general demurrer should be sustained.

In an action for damages when the petition does not allege the damages claimed by plaintiff were caused by the negligence of the defendant or the failure upon the part of the defendant to perform some duty devolving upon it, constitutes no cause of action against the defendant, and a general demurrer should be sustained.

In an action for damages where plaintiff's petition does not allege that the acts of negligence complained of were the proximate cause of the injuries for which damages were sought, it constitutes no cause of action against the defendant, and a general demurrer should be sustained.

Where plaintiff's petition discloses no cause of action against defendant a general demurrer should be sustained. Malone v. Craig, 22 Texas, 609; Gray v. Osborne, 24 Texas, 157; Moody v. Benge & Jewell, 28 Texas, 545; Colbertson v. Beeson, 30 Texas, 76; Seligson v. Hobby, 51 Texas, 147; Williams v. Warnell, 28 Texas, 610; Edgar v. Galveston City Co., 46 Texas, 421; Collins v. Warren, 63 Texas, 311; Erie Telegraph Co. v. Grimes, 82 Texas, 89.

A petition, in an action for damages, should allege definitely the particular act or acts of negligence and the time same occurred that caused the damages complained of, and when it does not so allege a special exception pointing out said defect should be sustained. Missouri Pac. Ry. v. Mitchell, 12 S. W. Rep., 810; Johnson v. Cherokee Land Co., 82 Texas, 340; Alamo Mill v. Hercules Iron Works, 22 S. W. Rep., 1098; Mims v. Mitchell, 1 Texas, 447.

The court erred in overruling defendant's special exception number 4 to plaintiff's original petition, because said petition does not show what portion of said damages was caused by injury to crop harvested, nor what portion of said damage was claimed for the crop totally destroyed, nor what portion of such damage was the amount incurred for necessary labor in connection with the saving of said crop.

The court erred in permitting the plaintiff to introduce in evidence the lease contract between J. M. Sims and J. W. Daniels, the same referring to 100 acres of land in the James Higgins survey of the Smith and Bowman league in Matagorda County, and the plaintiff's pleading having alleged a leasehold on a tract of 65 acres of land in the Bowman

and Williams league in Matagorda County, because of the variance between the lease contract introduced in evidence and the lease contract pleaded. McKinney v. Bradbury, Dallam, 441; Mims v. Mitchell, 1 Texas, 444; Ramsey v. McCauley, 2 Texas, 192; Guess v. Lubbock, 5 Texas, 535; Paul v. Perez, 7 Texas, 337; Shihagan v. State, 9 Texas, 429; Thompson v. Thompson, 12 Texas, 328; Gammage v. Alexander, 14 Texas, 419; Rogers v. Bracken, 15 Texas, 564; Christman v. Miller, 15 Texas, 160; Parker v. Beaver, 19 Texas, 411; Hubby v. Camplin, 22 Texas, 583; Flores v. Smith, 66 Texas, 115; Morris v. Kasling, 79 Texas, 145; Armstrong v. O'Brien, 83 Texas, 635; Finsley v. Penniman, 83 Texas, 54.

The court erred in overruling defendant's motion to strike out plaintiff's trial amendment filed after announcement of ready for trial and after plaintiff had begun the introduction of his testimony.

A trial amendment comes too late after announcement of ready for trial and the introduction of testimony.

A trial amendment should not be made to include pleadings which were not demanded by the ruling of the court on exceptions. Contreras v. Haynes, 61 Texas, 105; Krueger v. Klinger, 30 S. W. Rep., 1087; Rev. Stats., art. 1192.

To charge a party with negligence, injury must be natural and probable consequence of wrongful act, which should have been foreseen in light of attendant circumstances.

If, subsequent to original negligent act, another cause has intervened, of itself sufficient to cause the misfortune, the former must be considered as too remote.

There being no evidence to show that the damage was caused by any act of defendant, the court erred in not so instructing the jury. Texas & Pac. Ry. Co. v. Doherty, 15 S. W. Rep., 44; Brush Co. v. Lefevre, 93 Texas, 607; Texas & Pac. Ry. v. Bigham, 90 Texas, 227; Seale v. Gulf, C. & S. F. Ry., 65 Texas, 278.

That plaintiff was not entitled to recover for expenditures made for protection of crop unless the same are shown to have been reasonable and necessary. Wheeler v. Tyler S. E. Ry., 91 Texas, 361; Missouri, K. & T. Ry. v. Warren, 90 Texas, 566.

If crops are shown to have been totally destroyed in consequence of the negligence or wrongful acts of the defendant, the correct measure of damages would be the actual cash value of the crops as they stood upon the land at the time and place they were destroyed, with legal interest to the time of trial.

If crops are shown to have been damaged in consequence of the negligence or wrongful acts of the defendant, but not totally destroyed, then the correct measure of damages would be the difference between the actual cash value of the crops as they stood upon the land at the time immediately before the injury and the actual cash value immediately after said injury.

It is error for a court to charge that the market value of a product at a different place than that of its destruction is the measure of damages for the destruction of a crop.

If the market value of the rice at Bay City is the correct measure of damages for the destruction of this crop of rice, on the river, in the

shock, which this appellant disputes, then, it is subject to the cost of threshing, sacking and transportation from the place where destroyed to Bay City, and recovery is subject to the condition of the weather and uncertainty of the threshing of the crop. Gulf, C. & S. F. Ry. Co. v. Carter, 25 S. W. Rep., 1023; Sabine & E. T. Ry. Co. v. Joachimi, 58 Texas, 460; Trinity & S. Ry. v. Schofield, 72 Texas, 496; Sabine & E. T. Ry. Co. v. Smith, 73 Texas, 2; Texas & P. Ry. v. Williams, 1 Texas App. Civ., 98; Ft. Worth Ry. v. Scott, 2 Texas App. Civ., 137; Green v. Taylor, B. & H. Ry., 79 Texas, 607.

The verdict of the jury is insufficient and not responsive to the charge of the court and defective, in that the verdict returned by them find for "J. M. Sims" in the sum of $2,526.15, with the words, "twenty-five hundred and twenty-six and fifteen cents." Ogden v. Bosse, 86 Texas, 343.

*W. S. Holman* and *Jno. E. Linn,* for appellee.—That the exceptions to the petition were properly overruled: Colorado Canal Co. v. Sims, 11 Texas Ct. Rep., 123; Gulf, W. T. & P. Ry. Co. v. Montier, 61 Texas, 122; Black v. Calloway, 30 Texas, 237; Gulf, C. & S. F. Ry. Co. v. Preston, 74 Texas, 183; Gulf, C. & S. F. Ry. Co. v. McMannewitz, 70 Texas, 76; Missouri Pac. Ry. Co. v. Richmond, 73 Texas, 576; Lewis v. Galveston, H. & S. A. Ry. Co., 73 Texas, 506; Baldridge v. Cartrett, 75 Texas, 638; Austin, etc., Ry. Co. v. McElmurrey, 33 S. W. Rep., 251; Whetstone v. Coffey, 48 Texas, 271; Caldwell Co. v. Harbert, 68 Texas, 324; Davis v. Davis, 70 Texas, 125; Teague v. Teague, 22 Texas Civ. App., 444; Johnson v. Dowheig, 1 Texas App. Civ., 615; Parks v. State Nat. Bank, 34 S. W. Rep., 1044; Breckenridge v. Charidge, 42 S. W. Rep., 1005; Pennington v. Schwartz, 70 Texas, 213; Clarendon Land Co. v. McClelland, 86 Texas, 179; Oliphant v. Markham, 79 Texas, 547.

A wrongdoer will not be permitted to controvert or question the right to recover damages which accrue to one in possession of realty, without showing title in said wrongdoer. Frost v. Rothe, 66 S. W. Rep., 576; International & G. N. Ry. v. Ragsdale, 67 Texas, 28.

The court exercised its discretionary right and permitted plaintiff to file his first trial amendment covering the apparent variance in the description of the tract of land occupied by plaintiff and upon which his crop of rice was raised. Upon the filing of said trial amendment, parol evidence was proper and competent to identify the land and show the misdescription in the lease contract. Such misdescription was a latent ambiguity, and is always provable and explainable by parol and the evidence of the surrounding circumstances. Hilliard v. White, 31 S. W. Rep., 553; Armbula v. Sullivan, 80 Texas, 615; Texas, etc., Ry. Co. v. Goldberg, 68 Texas, 687; Radams v. Capital, etc., Co., 81 Texas, 129; Fields v. Rye, 24 Texas Civ. App., 274; Gamble v. Talbott, 2 Texas App. Civ., 640; Parker v. Spencer, 61 Texas, 162; Western U. Tel. Co. v. Bowen, 84 Texas, 479; First Nat. Bank of Austin v. Sharpe, 33 S. W. Rep., 677.

The court properly submitted the issues of negligence as a question of fact for the jury in the case, for the evidence was conflicting and the great preponderance thereof supported plaintiff's case. It would have

been improper for the court to have instructed the jury to find for defendant by peremptory charge. Gulf, C. & S..F. Ry. v. Hayter, 54 S. W. Rep., 944; San Antonio & A. P. Ry. v. Stevens, 11 Texas Ct. Rep., 397; San Antonio & A. P. Ry. v. Lester, 11 Texas Ct. Rep., 816; Texas Portland Cement Co. v. Lee, 11 Texas Ct. Rep., 15; San Antonio & A. P. Ry. v. Votaw, 10 Texas Ct. Rep., 532; Shippers Warehouse Co. v. Davidson, 10 Texas Ct. Rep., 369; El Paso & N. E. Ry. Co. v. Ryan, 10 Texas Ct. Rep., 791; St. Louis S. W. Ry. Co. v. Burke, 10 Texas Ct. Rep., 707; Chicago, R. I. & M. Ry. Co. v. Harton, 10 Texas Ct. Rep., 956.

The measure of damage for crops totally destroyed is the cash value of the crop at the time and place where it was destroyed in the condition same was in when destroyed, with interest from the date of its destruction. Trinity & S. Ry. v. Schofield, 72 Texas, 498; Gulf, C. & S. F. Ry. v. McGowan, 73 Texas, 362; Gulf, C. & S. F. Ry. v. Nicholson, 25 S. W. Rep., 54.

The general allegation that the sum of $575 was necessarily expended in the effort to save the crop and prevent injury will admit proof of the manner, method and facts pertaining to such expenditure, especially where no exception is urged to the sufficiency of the pleading in that respect. Powers v. Caldwell, 25 Texas, 353-4; Pyron v. Butler, 27 Texas, 272; Century Dictionary, word "Necessary."

That the verdict was sufficient to support the judgment: Gulf, C. & S. W. Ry. v. Fink, 4 Texas Civ. App., 270; Missouri Pac. Ry. Co. v. White, 76 Texas, 104; Burton v. Bondies, 2 Texas, 204; Robertson v. McMillan, Dallam, 565.

FLY, ASSOCIATE JUSTICE.—This is a suit for damages resulting from a crop of rice, belonging to appellee, being destroyed by overflow caused by the negligent manner in which appellant constructed its intake and canal. The cause was tried by jury and resulted in a verdict and judgment in favor of appellee for $2,526.15.

This is a second appeal of this case, and the petition is the same upon which the cause was tried on the former appeal. In our former decision it was held that the general demurrer was properly overruled and no reason being shown to induce a charge of opinion, the first assignment of error, which complains of the action of the court in overruling the general demurrer, will not be sustained. (Colorado Canal Co. v. Sims, 82 S. W. Rep., 531.)

The special exceptions urged to the petition were practically the same urged on the former trial, and we adhere to our ruling that they were properly overruled. The petition is not uncertain or indefinite in its allegations and the damages are set forth with sufficient clearness to apprise appellant of what it had to meet. It is clearly alleged that 350 sacks of rice were damaged in the sum of $1.25 a sack, that $575 were expended in taking care of and trying to save the crop after it had been overflowed, that 558 sacks of rice valued at $3.25 a sack had been destroyed and that the whole damage amounted to $2,808.50. The statement of damages is clear and easily understood. As to the manner of the destruction of the rice, it was alleged that the rice crop was cut and ready to be threshed, when a small rise occurred in the Colorado

River, and that by reason of the negligent construction of an embankment along an "intake" and canal the water was diverted from its normal course and was not permitted to flow as it had formerly done, and was backed up on the rice land of appellee and his entire crop damaged. This was sufficiently explicit and consequently assignments of error second, third, fourth and fifth can not be sustained.

It was alleged in the petition that the land, which was inundated, was held by appellee under a lease of two years; that it was 65 acres of land about one mile and a half northwest of the town of Bay City in Matagorda County, Texas; that the land belonged to J. W. Daniels, and that appellee's lease was for 1901 and 1902. The land was alleged to be a part of the James Higgins survey of the Bowman and Williams league and the lease introduced in evidence, over appellant's objection, described the land as 100 acres of land off the northeast end of the James Higgins survey on the Smith and Bowman league. Appellee testified that he did not know of any Smith and Bowman league in Matagorda County and that the 100 acres of land was a part of the Bowman and Williams league. He also testified that the sixty-five acres on which the crop was damaged was a part of the hundred acres out of the Higgins tract. The land was clearly identified and there is no merit in the sixth and seventh assignments of error.

Appellant sought to strike out the trial amendment because it was not sufficient to authorize proof of mistake and came too late, the parties having announced ready for trial and part of the testimony having been introduced by appellee. The amendment sufficiently set up the mistake, but if it was error to permit it to be filed after the trial had begun the pleading could not have injured appellant because the uncontroverted evidence showed that appellee was in possession of the land and that his crop of rice was damaged. This was shown independently of the written lease. In fact there was no issue as to appellee being the rightful possessor of the land and the owner of the rice. The manager of the company testified as to the location of appellee's land and admitted that the water backed up on it.

While the evidence was conflicting there was ample testimony to justify the jury in finding that the crop of appellee was damaged by reason of the negligent manner in which appellant had constructed its canal and intake. It made no provision for draining and the water was stopped in its natural course by the dump on the south side of the intake, and by the embankment on the canal, and was thereby turned on the land of appellee and his crop damaged as found by the jury. These conclusions of fact dispose of the tenth, eleventh, twelfth and thirteenth assignments of error.

The court did not err in refusing to instruct the jury that no injury was shown to that part of the rice on 18 acres of land which was hauled off on the day the land was overflowed. The uncontradicted evidence showed that the rice referred to was wet by the overflow and was damaged.

We are of the opinion that the court erred in submitting the question of the reasonableness of the expenditures made in an endeavor to protect the rice crop from the effects of the overflow, for the reason that there was no evidence of the reasonableness of the expenditures. The

evidence on that subject is that of appellee himself and is as follows: "I was compelled to expend money in saving and attempting to save the crop from the effects of the overflow; the 18 acres down in the southwest corner I hauled out on the day of the overflow, having about 25 wagons and 50 men; I spent $125 in hauling that rice out and drying it up and getting it in shape; then I had several men with spades watching the leeves to keep them from breaking for several days. I saved two other little short cuts; as soon as the water went down I cut the levee and shocked the rice and tried to save it drying it out and shocking it again; sometimes the mud settled in stub and we cut the tops off with knives and broadaxes; I worked from then until Christmas with a foreman and from one to three teams and several men, and that is the way I spent the other three or four hundred dollars. I paid different prices for this work, whatever I could get it for, to some I paid $2.00 and some more than that. I built levees around the high ground where I put the rice to keep the water out, but do not know how many men I had on the levees; I spent that $575 in saving the rice I got out; this expenditure was caused by the overflow." There is not one word to indicate that the sums paid out by appellee were reasonable sums, and there is nothing from which the inference can be drawn that they were reasonable. This is an error, however, that can be cured by a remittitur of the amount of the expenditures which were shown to be $575.

The court instructed the jury that appellee would be entitled to recover on the damaged rice "the difference between the market value of such rice by the sack and the price that plaintiff received for same. If you believe plaintiff used all reasonable effort and diligence in the sale of said rice, and if you believe that he received the fair market value of the same, in its injured condition." It was equivalent to instructing the jury that the measure of damages was the difference between the market value of the rice in good condition and its market value in its injured condition, although not as clearly expressed as might be desired. The charge is objected to on the grounds that it did not take into consideration the time and place of the sale of the damaged rice, of the diligence used by appellee in disposing of it, of the weather and condition of roads between the farm and Bay City two miles distant. The simple and plain measure of damages in the case was the difference in the market value or if no market value the actual value of the rice in the shocks on the farm immediately before the overflow, and its market value in the shocks on the farm in its damaged condition after the flood, but the parties tried the case upon the theory that a certain number of sacks of rice were destroyed and a certain number injured by the water, and we think the same result may be arrived at by the measure of damages given by the court as by the one above mentioned, although by a more circuitous route.

While the testimony left it somewhat uncertain as to what is meant by a sack of rice, the weights ranging from 180 to 200 pounds, appellee swore that he had 558 sacks of rice destroyed by the water and 350 sacks damaged, and that the rice was worth $2.95 a sack as it stood in the field at the time of the overflow. He stated that was its value after deducting 30 cents a sack, the cost of threshing it, and also stated that the damage to the 350 sacks amounted to $1.25 a sack. He stated, how-

ever, that he got a little over $2.00 a sack for the damaged rice, clearly showing that his estimate of $1.25 a sack for damages was based on an estimate of the gross value of the rice, without considering the cost of threshing. The evidence would sustain a verdict for $2.95 a sack for the 558 sacks of rice destroyed and for 95 cents a sack for the 350 sacks of damaged rice, amounting in the aggregate to $1,978.60. After deducting $575, which appellee swore he had expended in endeavoring to save the crop, from the $2,526.15, found by the jury, there remains only $1,951.15, or $27.45 less than the evidence justified. This shows that the jury took into consideration the cost of threshing the rice although it was not mentioned in the charge in connection with the damaged rice.

The failure of the court to mention the cost of threshing could not have injured appellant in any event, for if the jury took the difference between the gross value of the rice before and after the overflow, or the difference between the net value of the rice before and after the flood, the result would be the same. For instance, if the gross value of the rice was $3.25 a sack and appellee got $2.00 a sack for it, the difference would be $1.25; if the net value before the overflow was $2.95 a sack, and the net sum realized for it, as damaged, was $2.00 less 30 cents or $1.70, the difference would be $1.25 a sack. Of course appellant got the 30 cents per sack back in the gross sum of $2.00 and in calculating his actual loss the $2.00 must be deducted from the net value, $2.95 a sack.

The measure of damages given by the court as to the rice that was destroyed was its market value at the time and place of its destruction less the cost of threshing and sacking, and that was the proper measure of damages. The value at the time and place was fixed by the evidence.

The evidence of appellee as to a sack of rice being worth forty cents more than a barrel of rice and that a barrel of rice was worth $3.25, did not injure appellant. Appellee fixed his damages at $2.95 a sack and the jury found for a less amount than that sum.

There is no merit in the nineteenth assignment of error. If appellant desired a charge to the effect that appellee should not recover for undamaged rice he should have asked it. The court, however, permitted a verdict only on destroyed or damaged rice.

The verdict was as follows: "We, the jury, find for the plaintiff J. M. Sims, damages to the amount of $2,526.15, two thousand five hundred and twenty-six and fifteen cents." The verdict is sufficient to support the judgment. It is clear that the verdict was for appellee whether his name was spelled correctly or not. He was identified as "plaintiff" and there could be no doubt that the verdict was for $2,526.15.

Appellee swore that he only got $3.05 a sack for some of the uninjured rice he afterwards sold, but he also testified that the rice was worth $3.25 a sack at the time it was damaged and destroyed. That was the value to control and not the value afterwards. The other assignments of error are disposed of by our conclusions of fact.

If appellee will in fifteen days remit the sum of $575, the judgment will be affirmed for the remainder, otherwise, it will be reversed and the cause remanded.

*Conditionally Affirmed.*

Writ of error refused.