ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS v. J. H. LONG.

Decided October 22, 1908.

**1.—Railway—Overflow—Permanent or Successive Injuries.**

Injury to land by the construction of a railway embankment causing constant and regularly recurring overflows is permanent in its nature, and the right to one action therefor, embracing all future damages, belongs to the owner at the time of construction; but when not so, the right is to compensation for successive injuries as they occur, and to the owner at the time each of such successive injuries was inflicted.

**2.—Same—Recovery by Former Owner.**

A recovery of damages for overflow by a former owner, treating the injury as permanent and receiving compensation for future effects on that theory, will not preclude a purchaser from him, without knowledge of such recovery, from maintaining his action for overflows during his ownership of the land of a nature giving right of action for successive injuries and not for permanent nuisance.

**3.—Same—Release of Permanent Damages.**

Compensation to the former owner of land for injury thereto by construction of a railway embankment and his release of all past and future damages, on the basis of a permanent nuisance, by an instrument not of record, will not preclude a subsequent purchaser, having no notice of such transaction, from his action for injuries to him by overflows of such a nature as to give right to successive actions for damages.

Appeal from the District Court of Fannin County. Tried below before Hon. Ben H. Denton.

*E. B. Perkins, Head, Dillard & Head* and *McReynolds & Hay,* for appellant.—The cause of action for permanent damages and depreciation in value of the land arising from the improper construction of the embankment, which is treated as a permanent structure and a continuing nuisance, is in the owner of the land at the time the injury was done, and not in a subsequent purchaser. Denison, B. & N. O. Ry. Co. v. Barry, 98 Texas, 248; Rosenthal v. Taylor, B. & H. Ry. Co., 79 Texas, 325; Texas Central Ry. Co. v. Brown, 38 Texas Civ. App., 610; Galveston, H. & S. A. Ry. Co. v. Pfeuffer, 56 Texas, 74; Denison & P. S. Ry. Co. v. Evans, 47 S. W., 280.

Queener having sued for and recovered damages on account of total destruction of a part of his land and permanent damage to the remainder

resulting from the alleged improper construction of defendant's dump, the judgment rendered in said cause is a bar to a recovery of further damages to the same land arising from the same cause. Same authorities; also Bird v. Montgomery, 34 Texas, 714; Delaney v. West, 88 S. W., 275; Henry v. Thomas, 74 S. W., 599; McCamant v. Roberts, 66 Texas, 263.

The judgment in the suit of Queener v. defendant, being a judgment of a court of record in Fannin County, Texas, where the land is located, was constructive notice to plaintiff, and he was concluded thereby, since his title to the land was derived through T. T. Queener. Williams v. Murphy, 36 Texas, 174; Macgregor v. Thompson, 26 S. W., 649.

The fact that defendant had acquired its right of way over this land, constructed its roadbed and dump thereon, and was in open and notorious possession thereof when the plaintiff bought the land, was sufficient to put him on notice, or inquiry, as to the right of the defendant to maintain its dump and roadbed in its then existing condition. McGregor v. Thompson, 26 S. W., 649; Texas & P. Ry. Co. v. Gaines, 27 S. W., 267; Martin v. Somers, 26 Texas, 560; Bounds v. Little, 75 Texas, 320.

*McGrady & McMahon,* for appellee.—A purchaser like plaintiff, subsequent to the erection of the embankment complained of, can recover for damages from overflows occurring after the purchase. Texas Cent. Ry. v. Brown, 38 Texas Civ. App., 610; San Antonio & A. P. Ry. Co. v. Gurley, 37 Texas Civ. App., 283; Gulf, C. & S. F. Ry. Co. v. Provo, 84 S. W., 275; Texas & Pac. Ry. Co. v. Maddox, 63 S. W., 134.

It was a continuing statutory duty of appellant to maintain culverts in its embankment sufficient to let the water flow off according to the natural lay of the land, and when it failed to do this, and damage was thereby done to the land and crop after plaintiff bought the land, it is liable to him in damages therefor. Sayles' Civil Stats., art. 4436; Gulf, C. & S. F. Ry. Co. v. Helsey, 62 Texas, 593; Clark v. Dyer, 81 Texas, 339; Austin & N. W. Ry. Co. v. Anderson, 79 Texas, 427; San Antonio & A. P. Ry. Co. v. Kiersey, 98 Texas, 590; Railway Co. v. Moseley, 98 S. W., 129; Barnett v. St. Francis Levee District, 102 S. W., 583; Trinity & S. Ry. Co. v. Schofield, 72 Texas, 496; Gulf, C. & S. F. Ry. Co. v. Hepner, 83 Texas, 136; Missouri, K. & T. Ry. Co. v. Green, 44 Texas Civ. App., 247; International & G. N. Ry. Co. v. Davis, 29 S. W., 483; Missouri, K. & T. Ry. Co. v. Bell, 93 S. W., 198; Houston & T. C. Ry. Co. v. Lensing, 75 S. W., 826; Galveston, H. & S. A. Ry. Co. v. Tait, 63 Texas, 223; Galveston, H. & S. A. Ry. Co. v. Seymour, 63 Texas, 345; Gulf, C. & S. F. Ry. Co. v. Provo, 84 S. W., 275.

Long having purchased the land in good faith, for a valuable consideration, and without any notice, actual or constructive, of any easement by appellant over same, and appellant not being in possession of the land so bought by Long, the easement, if any, is invalid as to Long. Blake v. Boye, 88 Pac., 470; 8 L. R. A. (N. S.), 418; Sloat v. McDougall, 9 N. Y. Supp., 631; Butterworth v. Crawford, 46 N. Y., 349; 7 Am. Rep., 352; Scott v. Bentel, 23 Gratt., 1; Treadwell v. Inslee, 120 N. Y., 458; Taggart v. Warner, 83 Wis., 1.

WILLSON, Chief Justice.—This suit was commenced by appellee

against appellant by a petition filed July 7, 1907. The appeal is prosecuted by the latter from a judgment for the sum of $560.25 in favor of the former.

The trial was before the court without a jury, and from the record it appears that the court found as facts: (1) That, by purchase of one Wilson on October 6, 1904, appellee became, and thereafterwards, and at the date of the trial, was the owner and in possession of the land described in his petition, and lying north of and contiguous to appellant's right of way, on which, in 1888, it had constructed and thereafterwards maintained as its roadbed a dump or embankment about two and one-half feet in height: (2) that in the construction of said dump, and in the maintenance thereof thereafterwards, appellant had neglected to provide culverts and sluiceways sufficient to carry off the water obstructed in its natural flow by said embankment, and, as a result, appellee's land and crops growing thereon were injured and destroyed by water so obstructed in its natural flow; (3) that said embankment and its culverts and sluiceways remained as constructed in 1888, except that, as originally constructed, a ditch or barrow-pit was provided along the north part of appellant's right of way, adjoining appellee's land, which, when kept well opened, furnished reasonable protection to said land from water obstructed by said embankment; (4) that after the railway had been so constructed the ditch or barrow-pit gradually filled up, but was opened up about 1898, when it again began to fill up, and by the beginning of 1906 was so filled up as not to furnish protection against water obstructed in its natural flow by said embankment; and (5) that, as a result of water obstructed by said embankment overflowing and washing his land and the crops growing thereon during the years 1906 and 1907, said land was "permanently damaged, and depreciated in value" in the sum of at least $100, his corn crop was damaged in the sum of $40, and his cotton crops in the sum of $660, less the sum of $199.75, which would have been the cost of growing, etc., said crops. The court further found that, some time prior to April 28, 1893, one Queener, who then, at the time the embankment was constructed, owned the land, had sued appellant and recovered against it a judgment for damages to said land and crops growing thereon sustained by him prior to the institution of his suit, by reason of appellant's failure to provide sufficient culverts and sluiceways to carry off the water obstructed in its natural flow by said embankment, and that in 1898 said Queener, then still being the owner of the land, had entered into a written contract with appellant whereby, for a sufficient consideration, he had released to appellant all claim for damages theretofore, or which might thereafterwards be sustained by him by reason of overflows caused, or which might be caused, by water overflowing his land because obstructed in its natural flow by said embankment. The court further found that appellee had neither actual nor constructive notice of the judgment recovered by Queener against appellant in 1893, nor of the release by Queener, in 1898, of damages which might thereafterwards result to the land and crops growing thereupon as the result of overflows, but was a purchaser in good faith from Wilson, to whom Queener had conveyed, of the land for a valuable consideration paid by him to said Wilson. We adopt as our own the findings of the trial court, so far as specified above.

*After stating the facts.*—If it should be said from the record, in face of the finding of the trial court to the contrary necessarily included in the judgment rendered, that the embankment as constructed by appellant created a permanent nuisance, causing constant or regular recurring injury to the land in question, the contention made by appellant, that, at the time the embankment was constructed a cause of action arose in favor of Queener, then the owner of the land, for all damages caused, or which might in the future be caused, to his land by the embankment, so long as it was maintained in an unchanged condition, would be a sound one. Rosenthal v. Taylor, B. & H. Ry. Co., 79 Texas, 325; Denison, B. & N. O. Ry. Co. v. Barry, 98 Texas, 251. And it would follow that the right to recover such damages having accrued to Queener, as the owner of the land at the time the embankment was constructed, a right of action could not accrue to appellee for damages suffered by him after he became the owner of the land, unless such damages were suffered by him as the result of a change occurring in the condition of the embankment. And it would further follow, appellee's petition failing to allege such a changed condition, the judgment in his favor could not be sustained by this court, notwithstanding evidence in the record showing that a change sufficient to account for the injury to his land claimed to have been suffered by him had occurred in the provision made when it was constructed for carrying off the water obstructed by the embankment. But we think the record does not make such a case. On the contrary, as we view it, the evidence authorized the conclusion which must have been reached by the trial court, that the overflows from water obstructed by the embankment were neither constant nor regularly recurring. If they were not, then the nuisance was not of a character to entitle the owner of the land at the time the embankment was constructed to sue for and recover damages which might thereafterwards be suffered as the result of overflows caused by it. The right of action for damages which might be caused by such future overflows would accrue as the overflows occurred in favor of the owner or owners of the land at the times they occurred. "The building of the embankment and culverts, as alleged," said the court in Austin & N. W. Ry. Co. v. Anderson, 79 Texas, 427, "was not of itself a nuisance. It was no invasion of plaintiff's rights. They were not put on his land. They became a nuisance only at intervals, by diverting water from rainfalls from its natural flow upon plaintiff's land. The embankment and the culverts were permanent, but the nuisance was not. There was no constant and continuing injury." And see Bonner v. Wirth, 5 Texas Civ. App., 560; International & G. N. Ry. Co. v. Davis, 29 S. W., 484; Gulf, W. T. & P. Ry. Co. v. Goldman, 8 Texas Civ. App., 257; Houston & T. C. Ry. Co. v. Lensing, 75 S. W., 826; Gulf, C. & S. F. Ry. Co. v. Caldwell, 102 S. W., 461; International & G. N. Ry. Co. v. Kyle, 101 S. W., 272; Gramann v. Eicholtz, 36 Texas Civ. App., 309. Appellant, however, insists that if the embankment did not create such a nuisance as entitled the then owner of the land to sue for and recover, in one suit, all damage it had caused or would cause in the future, Queener, the owner of the land at that time, nevertheless so treated it, and recovered in the suit brought in 1893 all such damages. Conceding that Queener, in the suit referred to, so treated the embankment, and, after recovering the judgment in 1893, could not have main-

tained a suit for damages which may afterwards have been suffered by him, we do not think it follows that appellee could not maintain an action for damages suffered by him after he became the owner of the land. His rights in dealing with the land should be held to be controlled by the real character of the nuisance, and not by the character ascribed to it by the suit of which he had no knowledge, instituted in 1893. If the nuisance created by the embankment was not a permanent one within the meaning of the law—if it was not such a nuisance as constantly injured the land—we do not think it should be held that when appellee purchased the land of Queener he took it burdened with a servitude in favor of appellant of which he had no notice. On the facts shown by the record we think he had a right to assume that no such servitude existed, and that the duty imposed by law on appellant to provide and maintain culverts and sluiceways sufficient to carry off the water obstructed by its roadbed (Sayles' Stats., art. 4436; Clark v. Dyer, 81 Texas, 343; International & G. N. Ry. Co. v. Davis, 29 S. W., 483) still rested upon appellant. Sellers v. Texas Cent. Ry. Co., 81 Texas, 458, 21 A. & E. Ency. Law (2d ed.), 722. Nor do we think there is merit in appellant's contention that the release of damages which might accrue to the land by reason of the embankment, made by Queener in 1898 in favor of appellant, should be held to operate to defeat appellee's cause of action. Appellee had no knowledge or notice of that transaction at the time he acquired the title to the land, and we think his rights were not affected by it. Webb Record Title, par. 48; Blake v. Boye, 8 L. R. A. (N. S.), 418; Treadwell v. Inslee, 24 N. E., 651; Taggart v. Warner, 53 N. W., 33.

In the absence of pleadings authorizing it, the court found and rendered judgment in appellee's favor for the sum of $40 as damages suffered by him by the destruction in 1906 of his corn crop growing on the land, caused by an overflow of water diverted by the embankment. The error can be cured by a remittitur filed here. The judgment of this court, therefore, will be that the judgment of the lower court be reversed, and the cause remanded for a new trial, unless the appellee, within twenty days from the date thereof, shall remit of the amount of the judgment in his favor the sum of $40, in which event the judgment of the lower court will be reformed and affirmed for the sum of $520.25.

*Reformed and affirmed.*

Writ of error refused.