ATCHISON, T. & S. F. RY. CO. v. KEEL GRAIN CO.

(Court of Civil Appeals of Texas. Nov. 24, 1910. On Rehearing, Dec. 8, 1910.)

1. TRIAL (§ 191*) — INSTRUCTIONS — ASSUMPTION OF FACT.

In an action against a carrier for negligent delay in transporting grain, an instruction that the jury might also find for plaintiff for its damage, if any, for being deprived of the use of the wheat which it had contracted to sell, if the jury found that any of the wheat had been sold by plaintiff, was erroneous, as assuming that the carrier had notice of the special damage accruing and to accrue to plaintiff.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431; Dec. Dig. § 191.*]

On Rehearing.

2. APPEAL AND ERROR (§ 1140*)—REVERSAL—CURING ERROR—REMITTITUR.

Where a judgment was reversed on appeal because of error in an instruction with reference to special damages, the judgment will be affirmed on plaintiff remitting such damages.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4465; Dec. Dig. § 1140.*]

Appeal from Cooke County Court; C. R. Pearman, Judge.

Action by the Keel Grain Company against the Atchison, Topeka & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

A. H. Culwell and Terry, Cavin & Mills, for appellant. Davis & Thomason, for appellee.

LEVY, J. This suit was for negligent delay in the transportation of certain wheat, which appellee claims resulted in special damages to it.

By the ninth assignment of error complaint is made of the court's charge, that it was on the weight of the evidence. The assignment must be sustained, we think, on the ground that it assumed that the appellant company had notice of the special damage accruing and to accrue to appellee. The portion of the charge that is objectionable reads: "You may also find for plaintiff in whatever amount it had been damaged, if anything, for being deprived of the use of the wheat which it had contracted to sell, if you find that any of said wheat had been sold by plaintiff."

The other assignments presented by appellant do not, as complained of, afford ground for reversal. By this we do not mean to approve the charge of the court as having presented the pertinent and proper issues of the case to the jury. We do think, however, that the county court of Cooke county clearly has jurisdiction of this suit, and that in this respect the appellant's contention cannot be sustained.

The judgment was ordered reversed and remanded.

On Rehearing.

The appellee has filed a remittitur of the special damages as curing the error for which the judgment was reversed and the cause remanded. The motion is granted and the remittitur allowed. There being no other error in the case, the judgment will therefore be affirmed, with costs of appeal to be taxed against appellee.

We do not construe the petition of appellee as seeking damages for failure to furnish cars when demanded for interstate traffic, or for damages for an unreasonable and unlawful preference or advantage to other traffic over the carriage of its wheat. It is a suit for damages arising from negligent delay, as pleaded by appellee, in shipping and transporting its wheat. Appellant company sought to excuse the delay by pleading an unprecedented and unexpected rush of business at the time of the transaction in question. Appellee filed a supplemental petition denying that the failure to transport the wheat was due to an unprecedented rush of business, and alleging that the failure to make the shipment was due to the negligence of the company. And evidence was introduced by both the appellant and the appellee on this issue.