DICKEY et al. v. PHŒBE JACKSON.
(No. 1002–4874.)

Commission of Appeals of Texas, Section A.
Jan. 11, 1928.

1. Damages ⬤⟳148—Petition for injuries, alleging that plaintiff will become liable for medical treatment in specified amount, held sufficient to present damage items in absence of special exception.

In action for injuries to scalp caused by giving plaintiff's hair a permanent wave, allegation in petition that, as result of injuries, plaintiff was "compelled to employ medical attention and skin experts and will in the future" be compelled to do so and "will become liable to pay for certain medicine and medical treatment the sum of $1,500," though defective for want of showing reasonableness of expenses, held sufficient to present items of special damage, in absence of special exception.

2. Damages ⬤⟳216(9)—Instruction permitting jury's consideration of plaintiff's past and future medical expenses held error requiring reversal, where proof of reasonable value was missing and jury returned general verdict.

In suit for injuries to scalp caused by giving plaintiff's hair a permanent wave, instruction, permitting jury to award as damages any amount which plaintiff had expended or would likely have to expend in the future for medicine and medical treatment, held error requiring reversal, where there was failure of proof as to reasonable value of medicine and medical services and where general verdict was returned from which it could not be determined what part of damages was awarded for medical treatment.

3. Appeal and error ⬤⟳1140(1)—Error which may have influenced general verdict prevents curative remittitur.

Curative remittitur should not be permitted when error may have had an influence upon the general verdict.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by Phœbe Jackson against Mrs. Edith Dickey and others. Judgment for plaintiff was reformed and affirmed by the Court of Civil Appeals (293 S. W. 584), and defendants bring error. Judgment of Court of Civil Appeals reversed and cause remanded.

Hunt & Teagle and Cam Kay, all of Houston, for plaintiffs in error.

John H. Crooker and W. B. Bates, both of Houston, for defendant in error.

NICKELS, J. The original opinion of the Court of Civil Appeals is reported at page 310 of 275 S. W. Upon former petition in error the case was remanded to the Court of Civil Appeals for consideration of assignments not previously given disposition. 281 S. W. 1043. Subsequent proceedings in that court are shown in 293 S. W. 584.

[1] Miss Jackson averred that "as a result of the injuries aforesaid and in her attempt to alleviate the damages caused thereby," she has been "compelled to employ skillful medical attention and skin experts, and will in the future" (be compelled to do so), "and will become liable to pay for said medicine and medical treatment the sum of $1,500." If it be true that she will, as alleged, "become liable" in the sum mentioned, it is so, inter alia, because the medicines and services will reasonably have that value, because, for aught that appears, the vendors and doctors will be remitted to quantum volebant or quantum meruit. Her allegation is largely that of a mere conclusion, and from its terms the essential reasonableness of those expenses must be deduced; yet, absent special exception duly presented and overruled, the pleading must be held sufficient to present the matter of those items of damage. Ry. Co. v. Lee, 21 Tex. Civ. App. 174, 51 S. W. 351, 57 S. W. 573, and other cases cited by the Court of Civil Appeals.

[2] But proof of reasonableness is as essential as its averment. Proof on the subject, except for some money actually paid for medicine, is wholly absent, save as physical condition past and present may be detailed and its future nature deduced therefrom. The reasonable worth of medicines already procured and services already had was the subject of easily available evidence; what might yet be needed and the amount of expense reasonably necessary to get it is a familiar subject of expert estimation. On none of those subjects could there be said to exist common knowledge, and evidence was as necessary as it would have been if the value of a tract of land or of a horse had been at issue instead of medicines and personal services.

In the charge, the jury was told that "any amount" which Miss Jackson "has expended and will likely have to expend in the future for medicine and medical treatment" might be taken into consideration in fixing the amount of damages. What might be allowed in respect to those elements is not otherwise restricted, even by reference to the petition or the amount claimed therein. The amount returned in the verdict, generally, is $5,000. What was included for "medicines and medical treatment," past or future, or both, is of course unknown, and on the record it is unascertainable. For lack of proof in respect to the reasonable value or cost involved in those items, the jury should not have been allowed to consider them. Wheeler v. T. S. E. Ry. Co., 91 Tex. 356, 360, 361, 43 S. W. 876, and cases there cited; T. & N. O. Ry. Co. v. Spencer (Tex. Civ. App.) 244 S. W. 1089, 1093; Northern Texas Traction

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Co. v. Smith (Tex. Civ. App.) 223 S. W. 1013, 1015.

[3] We do not have a case wherein the taint of the error may be allocated definitely and, so, avoided through remittitur (as in I. & G. N. Ry. Co. v. White, 103 Tex. 567, 131 S. W. 811; Ry. Co. v. Trawick, 80 Tex. 275, 15 S. W. 568, 18 S. W. 948; Texas-Mexican Ry. Co. v. Blucher [Tex. Civ. App.] 42 S. W. 1022; H. & T. C. Ry. Co. v. Pereira [Tex. Civ. App.] 45 S. W. 767; M., K. & T. Ry. Co. v. Pawkett, 28 Tex. Civ. App. 583, 68 S. W. 323; Colorado Canal Co. v. Sims, 42 Tex. Civ. App. 442, 94 S. W. 365; St. L. S. W. Ry. Co. v. Long, 52 Tex. Civ. App. 42, 113 S. W. 316; A., T. & S. F. Ry. Co. v. Keel Grain Co. [Tex. Civ. App.] 132 S. W. 837; Johnson v. Oswald [Tex. Civ. App.] 151 S. W. 1164; Trinity Lbr. Co. v. Conner [Tex. Civ. App.] 176 S. W. 911; Western Union Tel. Co. v. Partlow, 30 Tex. Civ. App. 599, 71 S. W. 584; E. P. & S. W. Ry. Co. v. Eichel [Tex. Civ. App.] 130 S. W. 922; Huggins v. Carey [Tex. Civ. App.] 149 S. W. 390; City of Orange v. Moore [Tex. Civ. App.] 246 S. W. 1099; Trabue v. Wade & Miller [Tex. Civ. App.] 95 S. W. 616; Bering Mfg. Co. v. W. T. Carter & Bro. [Tex. Civ. App.] 255 S. W. 243; O'Neal v. Rutt [Tex. Civ. App.] 256 S. W. 1024), but, the rather, one within the condemnation of the rule that curative remittitur ought not be permitted "when the error may have had an influence upon the general verdict." G., H. & S. A. Ry. Co. v. Wesch, 85 Tex. 593, 599, 22 S. W. 957, 958; H. & T. C. Ry. Co. v. Bird (Tex. Civ. App.) 48 S. W. 756; T. & P. Ry. Co. v. Taylor (Tex. Civ. App.) 58 S. W. 844; M. & E. T. Ry. Co. v. Waldrop (Tex. Civ. App.) 141 S. W. 315; Houston El. Co. v. Green, 48 Tex. Civ. App. 242, 106 S. W. 463; Freeman v. Wilson (Tex. Civ. App.) 149 S. W. 413; T. & B. V. Ry. Co. v. Doke (Tex. Civ. App.) 152 S. W. 1174; Curtiss Aeroplane Co. & Motor Corp. v. Haymakers Warehousing Corp. (Tex. Civ. App.) 264 S. W. 326.

The error discussed requires reversal of the judgment of the Court of Civil Appeals and remander of the cause. And this, in turn, gives character of immateriality to the other questions presented, except (it should be remarked) that term of article 4613, R. S. 1925, which affords immunity to the separate property of the husband against the wife's tort (Jackson v. Dickey [Tex. Com. App.] 281 S. W. 1043; Scott v. Brazile [Tex. Com. App.] 292 S. W. 185, 187), and that term of article 4621, R. S. 1925, wherein the community estate is saved from "damages resulting from contracts of the wife," should be given effect in whatever judgment may result against the husband unless some reason for their nonapplicability appear in averment and proof.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that the cause be remanded.

CURETON, C. J. Judgments of the Court of Civil Appeals and district court both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.