## ROBERTS et al. v. KING.
### No. 8781.

Court of Civil Appeals of Texas.
San Antonio.

April 13, 1932.

Rehearing Denied May 25, 1932.

Templeton, Brooks, Napier & Brown, Schlesinger & Schlesinger, and Lionel Goodstein, all of San Antonio, for appellants.

Lloyd & Lloyd, of Alice, for appellee.

FLY, C. J.

This is a suit for damages, instituted by appellee against John H. Roberts, a constable, J. T. Wright, his deputy, and his bondsmen, arising out of false imprisonment. Damages in the sum of $591 were assessed.

The court in this case began his charge in the shape of special issues and then launched out in a general charge, which practically destroyed the special issues and amounted to an effort to obtain a general verdict. The charge was as follows:

"Special Issue No. I. Find and answer from a preponderance of the evidence whether J. T. King requested defendant Wright to allow him to make bond on the occasion in question.

"Special Issue No. II. Find and answer from a preponderance of the evidence whether J. T. King requested defendant Wright to allow him to consult an attorney on the occasion in question.

"Special Issue No. III. Find and answer from a preponderance of the evidence whether defendant Wright, without the consent of J. T. King and over his protest, detained the said J. T. King and carried him to Corpus Christi.

"In connection with the following special issue you are instructed that if, at the time in question, the defendant Wright refused the plaintiff, J. T. King, an opportunity to make bond; or did not carry the said J. T. King before a Magistrate; or did not allow the said J. T. King an opportunity to consult an attorney, but, over the protest and without the consent of the said J. T. King, carried him to Corpus Christi the said defendant Wright would be guilty of falsely imprisoning King, even though the defendant, J. T. Wright, had a warrant for the arrest of J. T. King, for which defendants, J. H. Roberts and J. T. Wright, would be liable for such actual damages for any humiliation, embarrassment, mental and physical suffering, if any, that King may have sustained by reason thereof.

"Special Issue No. IV. Find and answer, from a preponderance of the evidence, what amount, if any, will reasonably compensate the plaintiff, J. T. King, for any humiliation, embarrassment, mental and physical suffering, if any, that he may have sustained on the occasion in question by such acts, if any, of the said J. T. Wright.

"Special Issue No. V. Find and answer, from a preponderance of the evidence, whether, on the occasion in question, the defendant Wright by such a show of force, words or actions, if any, more than was necessary, indicated and evidenced any ill feeling or malice toward the said J. T. King.

"If you have found that the defendant Wright acted with ill feeling or malice towards the said J. T. King on the occasion in question, then in addition to any actual damages you may assess, you will be warranted in awarding to plaintiff such further sum as exemplary or punitive damages, that is, damages in the nature of a penalty, for such unauthorized manner, if you have so found, in which the defendant Wright acted towards the said J. T. King while he was in the custody of said Wright.

"Special Issue No. VI. What amount, if any, do you assess as exemplary or punitive damages?"

It is apparent that the charge is a flagrant violation of the law and the decisions, against the intermingling of the submission of special issues and general charges, and, while it is regrettable that a judgment based on such facts as are contained in this record should be reversed on what might be deemed a technicality, but which in fact involves due execution of the law in an orderly and correct manner, it must be done. Mixed charges are condemned by all our appellate courts as not tending to lucidity or to the attainment of correct verdicts. Solo Serve Co. v. Howell (Tex. Civ. App.) 35 S.W.(2d) 474, and numerous authorities cited therein.

In theory, at least, the jury is not supposed to know the ultimate result of their answers to special issues, and it is necessarily inappropriate and prejudicial to indicate the result of answers to questions propounded. The charge was fully excepted to by the appellants, and such exceptions have been duly presented to this court, and must be sustained.

[2] It was the duty of the officer to permit appellee to give an appearance bond, and a failure to do so constituted unlawful imprisonment, for which the officer could be held liable in damages.

The fourth special issue was multifarious, and it should have been separated in different questions presenting the several issues.

Because appellee had not attended court on the "very grave" charge of driving an automobile on the wrong side of the road at 2 o'clock in the morning—and was arrested by the vigilant officer, who obtained his livelihood from fees growing out of fines accompanying the offense of driving on the left instead of the right side of a road—he was rendered such a criminal, in the eyes of the arresting officer, that bail should be denied

him in defiance of the law. This case utters an eloquent protest against allowing officers fees in criminal cases which depend on the conviction of the accused.

On another trial appellee should be compelled to state the elements of the damages he has sustained and not to swear to a conclusion that he had been damaged in a lump sum.

The judgment is reversed, and the cause remanded.

COBBS, J.

I dissent from the majority opinion for the following reasons:

J. T. King, appellee, sued John H. Roberts, constable of Bexar county, J. T. Wright, deputy constable of Bexar county, and F. N. Neuendorff, W. F. Herndon, R. Dinkla, and the Union Indemnity Company, as sureties on the official bond of said J. H. Roberts, to recover damages for the alleged false arrest and imprisonment of appellee, J. T. King, in pursuance of a warrant issued by the justice of the peace, precinct No. 7, of Bexar county. Appellee filed all proper and necessary pleadings. He was charged with the offense of speeding and operating a car on the wrong side of the road and failing to appear in court. The warrant for his arrest was issued and delivered to J. T. Wright, deputy constable of Bexar county, for execution, and was taken by him to Alice, Jim Wells county, Tex., and delivered to Halsey Wright, deputy sheriff of Jim Wells county, who accepted it and under its authority arrested J. T. King and delivered him to the custody of J. T. Wright, deputy constable of Bexar county. After stopping by appellee's home to allow him to make preparations for the trip, Deputy Constable Wright left Alice, Tex., with appellee by automobile for the justice court of precinct No. 7, Bexar county, Tex. They went by way of Corpus Christi, and on the road appellee brought up the question of paying a fine on the charges made against him, and asked that he be permitted to do so in Corpus Christi. The deputy constable responded to his request as follows: "There is only one way you can do that, and that is for you to sign a written authority for me to enter a plea of guilty for you in court." Appellee then signed a written authority to that effect, thereby pleading guilty to what he was charged with in the warrant of arrest, and made a check payable to the order of R. W. Stappenbeck, justice of the peace, precinct No. 7, Bexar county, Tex., in an amount equal to the minimum fine assessable against him on the charges made in the warrant of arrest.

The case was tried before a jury, who found, in response to special issues, that appellee, J. T. King, requested appellant J. T. Wright, on the occasion of the arrest, to make bond, and also requested the said J. T. Wright to allow him to consult an attorney, and had, without the consent of appellee, and over his protest, detained him and carried him to Corpus Christi, by reason of which he had suffered damages in the sum of $550. Upon these findings a judgment was rendered by the court in favor of appellee and against appellants for the sum of $550, and for an additional amount of $41.35 being the amount of the check made by appellee to the justice of the peace, precinct No. 7, Bexar county, Tex., in payment of his fine.

Germane to the question of arrest and serving of warrant, article 223 (C. C. P. R. S. Tex. 1925) provides that a warrant of arrest, issued by any magistrate, shall extend to any part of the state, and "any peace officer to whom said warrant is directed, or into whose hands the same has been transferred, shall be authorized to execute the same in any county in this State."

Article 233 (C. C. P. R. S. Tex. 1925) provides that "the officer, or person executing a warrant of arrest, shall take the person whom he is directed to arrest forthwith before the magistrate who issued the warrant, or before the magistrate named in the warrant" and article 235 provides: "One arrested for a misdemeanor shall be taken before a magistrate of the county where the arrest takes place who shall take bail and transmit immediately the bond so taken to the court having jurisdiction of the offense."

Of course, we are discussing this case as though no consent was given, but here a plea of guilty was put in through the constable and the alleged fine paid. In discussing this case we have laid out of sight the payment of the alleged fine, as appellee repudiated it, but the justice of the peace did not surrender it, and we have only discussed other features of the case in regard to the unlawful conduct of appellant in making the arrest and false imprisonment of appellee. The collection of the fine was unlawful and arbitrary.

Appellee alleged in his petition that he was "forced to pay the sum of $41.35 to obtain his release, and paid said sum under protest." His own testimony on the trial of the case, however, was to the effect that he brought the question of paying the fine up as his own suggestion; that he repeated the request that he be permitted to pay a fine and be released after they had arrived in Corpus Christi, Tex., where he was told by appellant Wright that the only way that could be arranged would be for him to authorize a plea of guilty to be entered for him in the case. The record further shows that appellee, following out his own suggestion, did authorize a plea of guilty in the case, by which he pleaded guilty to what he was charged with in the warrant. In regard to appellee's statement of his damages in a lump sum, we cannot see that any harm was done.

## On Motion for Rehearing.

**FLY, C. J.**

A vigorous, though commendably courteous, motion has been filed in which the opinion of the court is assailed because appellants had not filed timely objections to the charge of the court and procured action thereon.

The objections to the consideration of the assignment were not mentioned in appellee's brief, and, if such objections were valid, appellee waived them by his brief ignoring such objections and treating them as properly before this court. It was an afterthought altogether. The assignment was considered and properly disposed of, as presented by the briefs of both parties.

This court dislikes to reverse a judgment in a case where the facts are so strongly against the appellant, and the writer of this opinion will state, in the manner of the parent who punishes his refractory son, "It hurts me worse than it does you." The rules of law, however, must be upheld.

The motion for rehearing is overruled.