**BARNES v. McCULLOCH.**

No. 7687.

Court of Civil Appeals of Texas. Austin.

July 27, 1932.

Rehearing Denied Sept. 28, 1932.

Baker & Baker, of Coleman, for appellant.

McCLENDON, C. J.

This suit was in form one in trespass to try title and for damages. The real and only issue in the case was whether McCulloch, who was a tenant of Barnes upon the property in suit during the year 1930, had a rental contract from Barnes covering the year 1931. This issue was submitted to the jury and answered in favor of McCulloch. From a judgment upon this finding Barnes has appealed.

We have reached the conclusion that improper argument to the jury by attorneys for appellee presents reversible error.

The evidence upon the issue whether a verbal rental contract had been made was sharply conflicting, that of McCulloch and wife affirming the making of such contract and that of Barnes denying it.

One of McCulloch's attorneys in his argument to the jury stated, "Gentlemen of the jury, let the defendant, H. M. McCulloch go ahead for the balance of this year (meaning the year 1931) and raise a crop on those premises." This statement was objected to as being prejudicial, inflammatory, and irrelevant to the issue before the jury. When the objection was made, McCulloch's attorney replied in the presence and hearing of the jury: "Gentlemen of the jury, do not permit the defendant to go ahead and make a crop, but throw him out in the lane." This reply was objected to for like reasons, and the court instructed the jury not to consider the argument. Another attorney of McCulloch, in his jury argument, stated: "Gentlemen of the jury, it is up to you as to whether you will put these people (meaning the defendant, his wife and family) out in the lane or let them make a crop on this place this year." Like objections were made to this argument and the court stated to the jury: "Gentlemen, you will not consider what the lawyers in this case say you will be governed solely by the evidence given on the witness stand, in answering the issue submitted."

 It is urged that the argument was improper, prejudicial, and inflammatory, and that its deleterious effect was not removed by the court's instructions to the jury. The argument was clearly improper. It was an appeal to the jury to decide the question propounded, not upon its merits, but in such a way as to give appellee possession of the land during 1931. It charged the jury with the responsibility of depriving defendant and his wife and family of a home and "putting them out in the lane." That this was an appeal to the sympathetic emotions of the jury is manifest. Its reiteration twice after objection and adverse ruling of the court, manifests a deliberate purpose to secure its beneficial effects, and emphasizes the importance of those effects in the minds of the defendant's attorneys.

There have been a number of recent decisions by the Commission of Appeals upon the subject of improper argument of counsel. From these the general rule may be deduced that, where the case is one in which the situation of one of the parties is such as to appeal to the sympathy of men of normal emotions, and the argument is such as to excite such sympathy to action, the judgment will be reversed, even though the jury may be instructed to disregard the argument, unless it can be said, from an examination of the entire record, that all reasonable doubt as to the deleterious effect of the argument has been removed. While, of course, we have no means of knowing whether the argument influenced the jury, its character was such that it was calculated to do so, and, when we consider the situation of the parties (landlord and tenant), the consequences to the defendant, his wife and family, of an adverse finding, and the sharp conflict in the testimony, a very substantial doubt supports the conclusion that the argument, twice repeated over objection and adverse ruling, had the effect which counsel's persistent efforts to press it upon the jury manifest they intended it should have. See upon this subject Floyd v. Fidelity Union Casualty Co. (Tex. Com. App.) 24 S.W.(2d) 363; 2 Tex. Jur. pp. 222 et seq., § 147.

The trial court's judgment is reversed and the cause remanded.

On Appellee's Motion for Rehearing.

The motion is predicated upon the sole contention that we erred in overruling a motion to dismiss the appeal setting up an alleged settlement of the controversy which rendered the questions in the case moot. The motion to dismiss and the contest thereof presented conflicting affidavits upon the controlling issue whether there had been a settlement for the use of the premises for 1931. The issue of fact thus presented is one to be litigated upon a further trial of the case in the court below, and cannot be determined upon the present appeal.

The motion is overruled.