## DALBY v. LYLE.

### No. 4761.

Court of Civil Appeals of Texas. Amarillo.

May 10, 1937.

P. B. Randolph, of Plainview, for appellant.

Meade F. Griffin and Lucian Morehead, both of Plainview, for appellee.

JACKSON, Justice.

The appellee, Mrs. C. A. Lyle, a feme sole, instituted this suit in the county court of Hale county against the appellant, A. R. Dalby, alleged to be doing business under the name of Dalby Motor Freight Lines, to recover $300 for personal injuries, $36 for doctors' bills, $100 for loss of earnings, and $514 for damages to her automobile, claimed to have been occasioned by the negligence of appellant, its agents, servants, and employees.

She alleged that appellant was engaged as a common carrier in transporting freight by motortruck upon the public highways of the state and particularly on the highway between Amarillo and Lubbock; that about

10 o'clock p. m., January 31, 1936, while on the highway approaching the city of Plainview from Lubbock in her 1934 Buick sedan, which was operated by Mrs. R. L. Lock, the appellant's truck, traveling in the opposite direction, in rounding a curve on the highway, collided with her sedan. She averred that appellant was guilty of fifteen separate acts of negligence.

The appellant demurred generally, urged special exceptions, charging that certain allegations in appellee's petition were but opinions and conclusions, general denial, and pleaded that both appellee and her driver were guilty of numerous separate acts of contributory negligence.

Only two of the acts of negligence pleaded by appellee were submitted by the court, but in response to the issues submitted, the jury found that the driver of appellant was operating the truck at a speed in excess of 25 miles per hour; that the truck at and immediately preceding the collision was on the east or wrong side of the highway; that each of such acts of negligence was the proximate cause of the collision; and that appellee was damaged in the sum of $500.

The only issues of contributory negligence pleaded by appellant that were submitted to the jury were found in favor of appellee.

On the verdict, judgment was entered against A. R. Dalby and in favor of appellee for the sum of $500 and cost.

The issue of damages was over appellant's objection submitted to the jury in the following question and instruction:

"Special Issue No. 13:

"What amount of money if paid now would fairly and reasonably compensate plaintiff for her injury, if any, sustained to her person and automobile? (Answer in dollars and cents.)

"In determining your answer to Special Issue Number Thirteen, you may consider the nature and extent of the injuries, if any, to plaintiff's person, including any physical and mental suffering, if any, she suffered, any drug and hospital bills, physicians' bills which were necessarily incurred by plaintiff in the proper treatment of her injuries, if any, which were reasonable and proper charges for same; loss of time and earning, if any, from her business. You may also consider in determining the injuries, if any, to plaintiff's automobile, the reasonable market value of same just before the collision and immediately thereafter in the vicinity of Plainview, Texas, in the light of the evidence presented to you in connection therewith."

The appellant objected to the form of this issue for, among others, the following reasons: (1) Neither the pleading nor the testimony authorized the submission of such issue; (2) the testimony failed to show the amount of drug, hospital, or physicians' bills, or that such bills, if incurred, were reasonable; (3) the issue was multifarious; (4) did not limit the jury to the damages proved; and (5) the testimony did not authorize the consideration of the loss of earnings.

After alleging that the collision resulted in damages to her automobile in the sum of $514.39, and the personal injuries she suffered, the allegations are: "Plaintiff would further show that she was confined to her bed and that she has been unable and is still unable to attend to her duties and her household, and that she has also been unable to attend to the business known as Flaxman Style Shop, of which she is part owner, operator and manager. Plaintiff would also show that she has been forced to expend $36.00 for doctors' bills. Plaintiff would further show that she has been damaged $100.00 as a result of her inability to attend to her business, as aforesaid, and $300.00 for physical and mental pain and suffering."

It will be noted that the court advised the jury that in determining the amount that would fairly and reasonably compensate appellee for her personal injuries, they might consider any drug and hospital bills which she had necessarily incurred, but these two items were not included in her petition.

The appellant's contention that there is no testimony in the record to show that the doctors' bills or what she expended to hire assistance for running the business because of her injuries were necessary or reasonable are not challenged by the appellee. The only testimony we find in the record relative to such items is that of appellee, who said she paid out $36 for doctors' bills, bought lots of medicine; hired assistance to run the business because of her injuries, but she did not know exactly how much she spent on that account, but remembered paying one assistant $9 a week for six weeks.

The law is settled that no recovery can be had for doctors' bills, hospital

bills, and repair bills in the absence of proof showing that such bills were reasonable. Red Arrow Freight Lines, Inc., v. Gravis (Tex.Civ.App.) 84 S.W.(2d) 540, and authorities cited; nor can expenses incurred by injured party for assistants to operate their business during incapacity be recovered if there is no pleading and proof that such expense was reasonable. Cruse v. Chacon (Tex.Civ.App.) 67 S.W.(2d) 399.

In Dickey et al. v. Phœbe Jackson, 1 S.W.(2d) 577, the Commission of Appeals says:

"In the charge, the jury was told that 'any amount' which Miss Jackson 'has expended and will likely have to expend in the future for medicine and medical treatment' might be taken into consideration in fixing the amount of damages. What might be allowed in respect to those elements is not otherwise restricted, even by reference to the petition or the amount claimed therein. The amount returned in the verdict, generally, is $5,000. What was included for 'medicines and medical treatment,' past or future, or both, is of course unknown, and on the record it is unascertainable. For lack of proof in respect to the reasonable value or cost involved in those items, the jury should not have been allowed to consider them. [Authorities cited.]

"We do not have a case wherein the taint of the error may be allocated definitely and, so, avoided through remittitur." Authorities cited.

■ Damages are compensation for loss and, in our opinion, compensation for personal injuries and for the damages to the automobile should not have been submitted in the same issue. A recovery for personal injuries depends upon different pleading and different proof from a recovery for injuries to property, and, the rules for determining the loss—measure of damages—in the one are entirely different from the rules of ascertaining the loss in the other. These differences are observed in pleading and proof and should be observed in submitting material issues, since if injury resulted, it would constitute reversible error. Article 2189, R.C.S., on special issues provides: "Such special issues shall be submitted distinctly and separately. Each issue shall be answered by the jury separately." Wood et al. v. Williams (Tex.Civ.App.) 46 S.W.(2d) 332; Pageway Coaches, Inc., et al. v. Bransford (Tex.Civ.App.) 71 S.W.(2d) 561; Roberts et al. v. King (Tex.Civ.App.) 49 S.W.(2d) 991, affirmed 125 Tex. 623, 84 S.W.(2d) 718; Gulf States Utilities Co. v. Wooldridge (Tex.Civ.App.) 90 S.W.(2d) 325.

■ The appellant complains of the action of the court in refusing to correct and amend his main charge and submit certain pleaded issues on contributory negligence, in compliance with its objections, which contained requests for the submission of such issues. It did not prepare and present to the court any questions submitting such omitted issues, hence, under the recent holdings of the courts, as we understand them, such issues were waived. Harris v. Thornton's Department Store (Tex.Civ.App.) 94 S.W.(2d) 849; Harris v. Leslie (Tex.Sup.) 96 S.W.(2d) 276; Wichita Valley Ry. Co. v. Minor (Tex.Civ.App.) 100 S.W.(2d) 1071.

The exceptions urged by appellant to the allegations in appellee's petition as opinions and conclusions of the pleader do not present reversible error, neither do we feel warranted in holding as a matter of law that the testimony was insufficient to support the findings of the jury on the agency of the driver or the ownership of the truck. The testimony offered was uncontroverted and the court in issues Nos. 2 and 11 assumed that appellant owned the truck, and no complaint is made thereof. The testimony as to the speed of the truck was very meager, and the side of the highway on which the collision occurred was sharply controverted and would have authorized a finding in appellant's favor, but in our opinion, the court did not err in refusing to direct a verdict in favor of appellant.

We deem it unnecessary to discuss separately the other assignments, since the alleged errors therein can, and doubtless will, be eliminated on another trial.

The judgment is reversed and the cause remanded.