## PANHANDLE & S. F. RY. CO. v. VILLARREAL.

### No. 5317.

Court of Civil Appeals of Texas. Amarillo.
June 16, 1941.

Adkins, Pipkin, Madden & Keffer, of Amarillo, for appellant.

H. H. Cooper, of Amarillo, for appellee.

STOKES, Justice.

Appellee instituted this suit against appellant to recover damages for alleged personal injuries suffered by his wife, Leonor Villarreal, while a passenger on appellant's train. She boarded the train at Amarillo and was enroute to Pampa. Upon reaching the outskirts of the city of Pampa the car attendant announced that the next station would be Pampa. Shortly after this announcement the train came to a stop and the passengers, including appellee's wife, arose and made their way to the front of the car in order to alight at the station. The door being barred, none of them alighted and it was then ascertained that the train had stopped at a water tank some twelve or fifteen hundred feet west of the station. The passengers, including appellee's wife, remained in the aisle and when the train started, appellee alleged, and his wife testified, that she was thrown back against a door of the car and wall of the closet and sustained personal injuries. In his petition appellee alleged negligence on the part of the operatives of the train in stopping it at the water tank after announcing that the next stop would be Pampa and again suddenly starting the train without giving the passengers notice of intention to do so.

The case was submitted to a jury upon special issues, the second of which inquired of the jury if appellant was negligent in announcing, prior to stopping its train at the water tank, that the station, "Pampa, Texas", would be the next stop. The jury answered this special issue in the affirmative and also found that such negligence was the proximate cause of the injuries sustained by plaintiff's wife. In answer to the fourth and fifth special issues the jury found that the starting of the train from the water tank was accompanied by a sudden jerk or lurch, but that such act was not negligence. In answer to the sixth special issue, however, they found that the manner in which the

train was started was the proximate cause of the injury sustained by appellee's wife.

■ Appellant duly excepted to the special issues and assigns error of the court in submitting issues that were not pleaded. From the above statement it will be seen that the negligence alleged by appellee consisted of (a) the act of stopping the train at the water tank before reaching the station and after it had been announced by the attendant that the next stop would be Pampa, and (b) in suddenly starting the train without giving the passengers warning; while the acts of negligence submitted to the jury referred (a) to the announcement of the car attendant that the next stop would be Pampa, and (b) the starting of the train with a sudden jerk or lurch. From this it will be seen that the judgment against appellant necessarily was based upon an act of negligence that was not pleaded by appellee. The petition did not assign negligence of the attendant in announcing that the next station would be Pampa. The allegation was that, after making such announcement, appellant was negligent in stopping the train at a point near the station but before reaching it. It is elementary that the plaintiff in a suit for damages is not entitled to recover for any act of negligence not charged as such in the petition even though it might have support in the evidence. Northern Texas Traction Co. v. Singer, Tex.Civ.App., 34 S.W.2d 920; Nat'l. Life & Accident Ins. Co. v. Leal, Tex.Civ.App., 36 S.W.2d 324; Robert Oil Corp. v. Garrett, Tex.Com.App., 37 S.W.2d 135; Clemens v. Perry, Tex.Civ. App., 29 S.W.2d 529. In submitting cases to the jury upon special issues it is the duty of the trial court to confine the jury to the specific acts of negligence alleged in the petition. It does not require a profound analysis to conclude that, in this case, the appellee recovered judgment upon the ground that appellant was guilty of negligence in announcing the stop at the water tank, while in his petition he charged that the negligence consisted of stopping the train at the water tank and again starting it without giving the passengers warning. This constituted reversible error.

■ Appellant next contends that the court erred in submitting the measure of appellee's damages and we think its contentions in this respect must likewise be sustained. Appellee alleged that his wife incurred doctors' bills of the reasonable

sum of $40; a hospital bill of a like sum, and $10 for the services of an ambulance. In the ninth special issue, the jury were asked to find what amount of money, if paid now, would reasonably compensate the plaintiff for the damages, if any. In submitting that matter to the jury the court instructed them that in considering the amount of damages, if any, they may take into consideration "the following matters, or such of them, if any, as are proven, and none others, to-wit: * * * and such medical bill or hospital bill as she may have reasonably incurred." Thus it will be seen that in estimating the damages, the jury must have included medical and hospital expenses. Appellant asserts that there was no testimony concerning these items and an examination of the statement of facts has failed to reveal any evidence whatever of any amount paid out, or for which appellant had become liable, on account of doctors' bills and hospital expenses. It is the rule under our system that in submitting special issues concerning the sum of money that should be awarded the plaintiff for personal injuries, the trial judge should make them explicit in his instructions so that the jury may not be likely to assess damages based upon an improper ground or measure the same by an improper rule. In his charge the trial judge instructed the jury to assess such damages as had been proven and limited them to those items; but, as we have said, no proof whatever was offered concerning the hospital and medical expenses and these should not have been mentioned in the court's charge. It was for the judge and not the jury to place the proper limitation upon items that should be considered by the jury in assessing the amount of damages. In submitting such items as these, it is not only necessary that they be supported by proof of the amounts paid, or for which liability has been incurred, but it must be shown by the evidence that such amounts are reasonable and the charge of the court should so limit the recovery. City of Beaumont v. Dougherty, Tex.Civ.App., 298 S.W. 631; Interstate Casualty Co. v. Hogan, Tex.Civ.App., 232 S.W. 354; Houston E. & W. T. Ry. Co. v. Jones, Tex. Civ.App., 1 S.W.2d 743.

In our opinion, the charge was also erroneous in telling the jury that they may include such medical and hospital expenses as may have reasonably been incurred. The reasonableness of such items does not relate to the question only of whether or not it was reasonable that the injured person should incur such expenses or enlist such services. It relates also to the reasonableness of the amount charged therefor. In determining the question of whether or not such bills were reasonable under the charge as given in this case, the jury may have understood that their duty consisted of determining whether or not it was reasonable for the appellee to enlist the services of a physician and a hospital. In submitting such matters, it should be made clear to the jury that they should consider only such medical and hospital services as it was reasonable for the injured person to enlist under the circumstances and such charges therefor as the jury may find from the evidence were reasonable in amounts.

Because of the errors discussed, the judgment will be reversed and the cause remanded.