**YOUNG v. HOWELL et ux.**

No. 6557.

Court of Civil Appeals of Texas. Texarkana.

Jan. 18, 1951.

Rehearing Denied Feb. 8, 1951.

Ramey, Calhoun, Marsh, Brelsford & Sheehy, Tyler, Gordon R. Wellborn, Henderson, for appellant.

Earl C. Wellborn, Henderson, for appellees.

LINCOLN, Justice.

This appeal is from a judgment of the District Court of Rusk County for damages alleged to have been sustained by appellees in an automobile collision through the negligence of the appellant's agent and employee.

Special issue No. 20 submitted to the jury called for a finding as to the amount of money, if any, which would reasonably compensate the appellee Nora Howell for the injury sustained by her. The court instructed the jury in connection with that issue that they might take into consideration "the reasonable and necessary expenses for medical and surgical attention and hospital expenses, if any, that had been incurred in the past as a result of said injury or injuries, if any, in the collision in question." The jury was also instructed that they might take into consideration physical and mental pain, if any, suffered by Mrs. Howell in the past or that she might reasonably and probably suffer in the future; and also the reasonable value of earnings lost by her in the past, if any, and her reduced capacity to labor and earn money in the future. The jury answered special issue No. 20 with a finding of $2,500.00.

Appellant presents but two points of error, to-wit, that the court erred in instructing the jury that they might take into consideration the reasonable and necessary expenses for medical and surgical attention and hospital expenses, because the evidence wholly fails to show that the plaintiffs incurred any amount for such expenses, and that the evidence also wholly fails to show that such expenses incurred, if any, were necessary and reasonable.

The evidence shows without dispute that Mrs. Howell received injuries in the collision and that she was treated by Dr. Heiligman from the date of the accident, July 19th to July 30th. Such treatment occurred at Dr. Heiligman's office during which time X-rays were made. She was also treated by Dr. J. D. Bone for some 4 or 5 months. Medicines and drugs were bought for her. Dr. Richardson of Kilgore treated her for some 6 or 7 months and gave her medicine. Her husband, appellee S. F. Howell, testified that he had not paid the doctor's bills but that he is obligated for them. There is no proof whatever that she was in a hospital as a result of such injuries, and the record is barren of any evidence showing the amount of expenses incurred for services of doctors or for drugs or medicines, or that the amounts so incurred were reasonable.

■ The general rule requires that to authorize submission of such items to a jury the expense for medical and hospital services and for medicines must be alleged, and the evidence must show that such expenses were paid or incurred, the amount thereof, and that they were reasonable and necessary in view of the nature of the injury and the attending circumstances. Where there is a lack of proof of those items a general verdict, such as was returned by the jury in response to special issue No. 20, will not stand. 13 Tex.Jur., p. 468, Sec. 272; Dickey v. Jackson, Com. App., 1 S.W.2d 577; Panhandle & S. F. Ry. Co. v. Villarreal, Tex.Civ.App., 153 S.W. 2d 350; Gulf, C. & S. F. Ry. Co. v. Carson, Tex.Civ.App., 63 S.W.2d 1096; Mrs. Baird's Bakery v. Davis, Tex.Civ.App., 54 S.W.2d 1031; Dalby v. Lyle, Tex.Civ.App., 105 S.W.2d 764.

■ We think the evidence in this case was sufficient to show that attention of doctors was necessary in view of the nature of the injuries received by Mrs. Howell and the attending circumstances. But that is not enough. Nowhere in the record is there any testimony as to the amount of such expenses, nor is there any evidence as to the reasonable value of such services. Under the authorities cited, and many others which are cited in the cases and in the text referred to, expenses for medical and surgical attention and hospital services should not have been mentioned in the court's charge.

It will be seen that the general verdict of $2,500.00 was returned by the jury for pain and suffering, past and future, for surgical, medical and hospital expenses, and for the value of earnings lost by Mrs. Howell in the past and the value of her reduced capacity to labor and earn money in the future. It is impossible to say how much of that amount was allowed by the jury for medical and surgical attention. The error, therefore, cannot be cured by remittitur. Dickey v. Jackson, supra.

Appellees insist that since the jury were instructed not to take into consideration any matter not brought out in the evidence, that the findings must be upon a preponderance of the evidence, and that the phrase "if any" was frequently used throughout the charge, it should be presumed the jury did not assess any damages for the objectionable items. The contention, however, finds no support in the decisions. "It was for the judge and not the jury to place the proper limitation upon items that should be considered by the jury in assessing the amount of damages." Panhandle & S. F. Ry. Co. v. Villarreal, supra [Tex.Civ.App. 153 S.W.2d 352].

Appellant also urges that the jury by their common experience were able to determine the reasonable amount of such expenses, and they should be allowed to do so. However, what was said in Dickey v. Jackson, supra, is applicable here: "The reasonable worth of medicines already procured and services already had was the subject of easily available evidence; what might yet be needed and the amount of expense reasonably necessary to get it is a familiar subject of expert estimation. On none of those subjects could there be said to exist common knowledge".

For the reasons stated the judgment of the district court is reversed and the cause is remanded for a new trial.

Reversed and remanded.

### On Motion for Rehearing

Appellees urge that our holding in the foregoing opinion is contrary to the provisions of Rule 434, Texas Rules of Civil Procedure and to decisions of the Supreme Court under said Rule. We cannot agree with that contention. The portion of Rule 434 to which appellees direct our attention reads as follows: " * * * no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case * * *."

The quoted portion of Rule 434 is an exact reproduction of the proviso in Court of Civil Appeals Rule 62a, which was promulgated by the Supreme Court in 1912. 149 S.W. page x.

So, the provisions of this Rule have not introduced anything new into our procedure. For many years, at least since adoption of Rule 62a, our courts have passed on the matters in issue here, and have uniformly held as we have in this case. The holdings of authorities referred to in our original opinion are recognized as established law, and this decision is not in conflict with the cases cited by appellant. The opinion of this court is that the error pointed out in the original opinion "amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment," and this requires a reversal and remand of the cause. See also Texas & N. O. R. Co. v. Barham, Tex.Civ. App., 204 S.W.2d 205.

The motion for rehearing is overruled.