**McDONALD et ux.**

v.

**JOSKE'S OF TEXAS.**

No. 12681.

Court of Civil Appeals of Texas.

San Antonio.

May 12, 1954.

Rehearing Denied June 9, 1954.

G. Woodson Morris, Charles R. Hancock, San Antonio, for appellants.

Carl Wright Johnson, Edward P. Fahey, San Antonio, for appellee.

POPE, Justice.

Plaintiff, E. L. McDonald and his wife, have appealed from a judgment rendered on an instructed verdict. The plaintiffs alleged that Mrs. McDonald slipped on some grapes while descending a stairway leading to the basement in defendant's store. Plaintiffs asserted certain specific grounds of negligence. They stated that the defendant was negligent (1) in not removing or causing to be removed, some grapes that were on the steps of the stairway, and (2) in not exercising reasonable care in order to discover the presence of the grapes on the steps in question before plaintiff used the stairway. Plaintiffs then asserted that defendant was guilty of negligence generally for "not maintaining the steps in question in a reasonably safe condition for its customers."

The case was tried on the theory that Mrs. McDonald slipped on some grapes, but the proof wholly failed to establish that the plaintiff slipped on any grapes. However, in the course of the trial the plaintiff Mrs. McDonald stated, with reference to the steps: "The lighting was very bad at that time * * *." Plaintiffs contend that statement entitled them to an issue inquiring whether the steps in question were maintained in a reasonably safe condition.

When one pleads and relies upon specific acts or omissions of negligence, it is not proper to submit issues as to negligence in general terms. To inquire whether defendant maintained the steps in a reasonably safe condition is to submit an issue "general in nature portraying the whole of plaintiff's pleadings; thus con-

cealing under a mass of generalities the facts relied upon for recovery." Missouri-Kansas-Texas R. Co. v. Roberts, Tex.Civ. App., 225 S.W.2d 198, 202; Panhandle & S. F. Ry. Co. v. Villarreal, Tex.Civ.App., 153 S.W.2d 350. Clary v. Morgan Motor Company, Tex.Civ.App., 246 S.W.2d 936, 937, expressly declares that an inquiry should not be made whether a defendant "failed to maintain the premises in a safe condition". See 41 Tex.Jur., Trial-Civil Cases, § 270.

The court properly granted the instructed verdict. The judgment is affirmed.