**TEXAS & PACIFIC RAILWAY COMPANY,**
Appellant,

v.

**Kenneth LEATHERMAN and wife, Lucille Leatherman, Appellees.**

No. 3682.

Court of Civil Appeals of Texas.

Eastland.

Nov. 17, 1961.

Rehearing Denied Dec. 8, 1961.

Wagstaff, Harwell, Alvis & Pope, Abilene, for appellant.

Bradbury, Tippen & Brown, Abilene, for appellees.

COLLINGS, Justice.

Kenneth Leatherman and wife, Lucille Leatherman, brought suit against the Texas & Pacific Railway Company to recover damages for alleged personal injuries to Mrs. Leatherman while she was a passenger on defendant's train. Pleadings of the defendant included a general denial and allegations of contributory negligence. The case was tried before a jury and based upon the verdict judgment was entered for plaintiffs in the sum of $6,500. The Texas & Pacific Railway has appealed.

In appellant's first point it is urged that the court erred in overruling its motion to dismiss the case, or to render judgment in its favor because, appellant contends, the pleadings and undisputed evidence show this case to be a suit by Lucille Leatherman, joined pro forma by her husband, and that a wife has no authority to bring such a suit. The point is overruled. There is no question but that a claim for damages for personal injuries to a married woman is community property and that the real party at interest is the husband. He alone has authority to recover for such damages. Ezell v. Dodson, 60 Tex. 331; Texas C. Railway Co. v. Burnett et ux., 61 Tex. 638; Houston Gas & Fuel Company v. Spradlin et ux., Tex.Civ.App., 55 S.W.2d 1086. Kenneth Leatherman was a party to this suit. The only question is

whether he was an actual party plaintiff or merely joined as a pro forma party. The pleadings show that this suit was brought by "Kenneth Leatherman and wife, Lucille Leatherman." The prayer sought judgment for "plaintiffs." There were allegations referring to what "plaintiff, Lucille Leatherman" would show, but this did not alter the fact that the suit was brought by Kenneth Leatherman as a real party plaintiff. Appellee's pleadings considered as a whole show he was a real party plaintiff and not joined as a mere pro forma party. Although Mrs. Leatherman was not a necessary party, the fact that she joined her husband as a party plaintiff did not constitute reversible error. The fact that Kenneth Leatherman was not present at the trial but was out of the State at the time is not material.

In appellant's second point it is urged that the court erred in refusing its requested special issues and definitions in connection therewith bearing upon the questions of whether Mrs. Leatherman was guilty of negligence in failing to keep a proper lookout for her own safety and whether such alleged negligence caused the accident. This point is not well taken. The testimony shows that Mrs. Leatherman boarded the defendant's train in Fort Worth at about 9:50 a. m. and that her destination was Abilene. The train arrived in Baird, Texas at about 1:05 p. m. At the time the accident occurred she was sitting alone on the seat next to the aisle; there were other people in the coach including a lady and a child immediately behind her. Passengers were also seated across the aisle. The defendant's brakeman testified that he was removing the luggage from the luggage racks in the car in which Mrs. Leatherman was riding and placing it to the front of the car, or in the vestibule, where it could be readily unloaded when the train arrived at Abilene. He testified that as he reached for the luggage in the rack above and behind Mrs. Leatherman, it was necessary for him to stand on his tiptoes and that as he did so, the little girl

who had been occupying the seat behind Mrs. Leatherman was scrambling around and got under his feet; that he was afraid he would step on the little girl and hurt her, and that it was under these circumstances that the luggage was dropped on Mrs. Leathermen's head, causing the injuries complained of. The evidence also supports the conclusion that Mrs. Leatherman was not on guard at the time and was either asleep or practically so; that she neither looked up at the luggage rack from which the brakeman was removing luggage nor did she notice the fact that the child might have interfered with the brakeman.

Ordinarily a guest or passenger is not required to keep a constant lookout while riding with a public carrier. Harrison v. Southwest Coaches Inc., Tex.Civ. App., 207 S.W.2d 159 (Ref. N.R.E.). A passenger is required to exercise ordinary care for his safety, but the care required is only that which an ordinarily prudent person would exercise under the same or similar circumstances. In 13 C.J.S. Carriers § 794, at page 1574 it is stated as follows:

"The duty of the carrier to look out for the safety of the passenger justifies a passenger, while in transit, in assuming that it will use the degree of care for his protection which the law requires, and he is not bound to take precautions against dangers which are not apparent or brought to his knowledge."

The evidence as above summarized did not raise a fact issue on the question of contributory negligence on the part of Mrs. Leatherman. As a passenger on appellant's train she had no duty to anticipate that the brakeman or other employee of appellant would drop a piece of luggage on her head, or to keep a constant lookout against that or some such contingency. There was no evidence that the danger was known to Mrs. Leatherman or that it should have reasonably been expected. She was

**636**

not required to foresee and guard against appellant's negligence. The court did not err in refusing appellant's requested special issues thereon.

Appellant's third point complains of the action of the court in allowing recovery for medical expenses in the amount of $500.00. Appellant urges that neither the pleadings nor evidence show that the claimed medical expenses were reasonable and necessary, and that the court erred in submitting that question to the jury and in entering judgment on the verdict. The point is well taken.

Plaintiffs alleged medical bills in the sum of $482.00 but did not allege that they were reasonable and necessary. Dr. J. C. Shipman, a chiropractor, testified that his charges for treatment of Mrs. Leatherman amounted to $475.00 but there was no evidence to the effect that the treatment was necessary or that the charges were reasonable. It is well settled that a recovery can be had for only those medical expenses which are reasonable and necessary. 17 Tex.Jur.2d 21, Young v. Howell et ux., Tex.Civ.App., 236 S.W.2d 247; Dalby v. Lyle, Tex.Civ.App., 105 S.W.2d 764; Texas & N. O. Ry. Co. v. Barham, 204 S.W.2d 205. The trial court erred in submitting special issue number 6 to the jury over appellant's objection and in entering judgment on the finding in answer thereto.

Appellee's claim for medical expenses is severable from other issues in the case and a remand and new trial of that portion of the case is proper. McDougall v. McDougall, Tex.Civ.App., 316 S.W.2d 295, (Ref. N.R.E.); Great American Indemnity Company v. Ortiz, 5 Cir., 193 F.2d 43.

That portion of the judgment allowing appellee recovery of $500.00 for reasonable and necessary medical expenses is reversed and remanded for a retrial.

In all other respects the judgment is affirmed.